RALPH W. RICHARDSON AND JEANNE L. RICHARDSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Richardson v. Commissioner
Docket No. 570-77.
United States Tax Court
T.C. Memo 1979-358; 1979 Tax Ct. Memo LEXIS 158; 39 T.C.M. (CCH) 53; T.C.M. (RIA) 79358; September 10, 1979, Filed Ralph W. Richardson, pro se. Gordon F. Moore II, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined a deficiency of $246 in petitioners' Federal income tax for the year 1974. The only issue presented for decision is whether petitioner Ralph W. Richardson, a foreign service officer, is entitled to deduct expenditures for his travel, meals and lodging while in the United States on "home leave" as ordinary and necessary expenses incurred while away from home in pursuit of a trade or business under section 162(a)(2). [1]
*159 All of the facts are stipulated and so found. The pertinent facts are summarized below. Ralph W. Richardson and Jeanne L. Richardson are husband and wife whose legal residence was in New Castle, Delaware, when they filed their petition in this case.
From July 1972 through July 1974, Ralph W. Richardson (petitioner), then a foreign service officer, was assigned by the United States Department of State as Deputy Chief of Mission, American Embassy, Asuncion, Paraguay. From August 2, 1974, through August 24, 1974, the petitioner was on statutory home leave in the State of California, his then legal residence. Petitioner's home leave in August 1974 was governed by regulations contained in the United States Department of State Foreign Affairs Manual. From August 25, 1974, through the remainder of 1974, the petitioner was assigned by the State Department to work with the United States Information Agency in Washington, D.C.
While on home leave the petitioner expended in the State of California the sum of $631 for travel, meals and lodging attributable solely to himself.His home leave was spent entirely in California. None of the amount expended represents travel to or from *160 California.Petitioner was not reimbursed for any of the amount spent.
Petitioner was not granted a per diem allowance while on home leave. His wife accompanied him on home leave. He was required to spend his home leave in 1974 in the United States. Annual leave is time when employees are relieved of their work duties and permitted to go on vacations or tend to personal matters. Annual leave may be combined with home leave and vice versa. Annual leave may be granted in lieu of home leave. Both annual and home leave are accrued. A foreign service officer is eligible for, and may request, home leave if his next post of duty is in the United States.
Accrual rates of home leave depend upon whether an employee would agree to accept assignments anywhere, whether he served with a United States mission to a public international organization, and whether he served at a post for which an increased post differential was authorized. On his 1974 Federal income tax return the petitioner claimed a deduction of $631 for "employee business expense." Respondent disallowed the claimed deduction on the ground that home leave expenses are not deductible because they constitute personal, *161 living or family expenses. The precise issue confronting us in this case was recently decided by this Court in favor of the Commissioner in Teil v. Commissioner, 74 (August 22, 1979). For the reasons set forth in our Teil opinion, and after carefully reconsidering our prior opinions in , reversed and remanded , and , reversed and remanded , we respectfully declined to follow the Courts of Appeals. Our Court reviewed opinion in the Teil case is dispositive of the instant case.Accordingly, we hold that the "home leave" expenditures of the petitioner are not deductible under section 162(a)(2). Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise indicated.↩